IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY BERNSTEN, <u>ET AL.</u>,** | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **BALLI STEEL, PLC, <u>ET AL.</u>,** | : | |
| Defendants | : | NO. 08-62 |

<u>**MEMORANDUM AND ORDER**</u>

GENE E.K. PRATTER, J.                                                                                               MARCH 31, 2008

  Plaintiffs Barry Bernsten and American Steel Industries ("ASI"), his wholly owned company, allege that they entered into a business relationship with Balli Steel, PLC ("Balli Steel") in July 2006 and soon thereafter formed ASI-Balli Joint Venture ("ASI-Balli"). Plaintiffs maintain that for more than a year they traded millions of tons of steel on Balli Steel's and ASI-Balli's behalf, resulting in substantial profits for Defendants. Under the terms of the parties' agreement, Balli Steel was to retain 65% of any profits from the steel and to pay Mr. Bernsten and ASI 35% of the profits. Plaintiffs brought suit against Balli Steel and ASI-Balli in Pennsylvania state court contending that Defendants have failed to pay Plaintiffs their share of the steel profits. Mr. Bernsten and ASI seek significant monetary damages.

  Balli Steel removed the matter to this Court, asserting that ASI-Balli Joint Venture is a fictional entity created by Mr. Bernsten and ASI in an attempt to destroy diversity. Balli Steel asserted that there is diversity of citizenship between itself, a foreign corporation, and the Plaintiffs, both Pennsylvania citizens. Accordingly, the Court had jurisdiction over the action.

After Balli Steel removed the matter, Plaintiffs requested an entry of default be entered by the Clerk against ASI-Balli for failure to appear. Default was entered January 16, 2008. Mr. Bernsten and ASI then moved to remand the case on the basis that the Court lacks jurisdiction over the matter due to incomplete diversity. Plaintiffs argue that ASI-Balli is a legitimate entity based in Pennsylvania.

Balli Steel countered with a motion asserting that ASI-Balli is a non-existent entity fraudulently joined for the sole purpose of destroying diversity. Balli Steel argues that this action belongs in federal court and asks the Court to strike ASI-Balli as a defendant and strike the default entered against ASI-Balli.

For the reasons set forth below, the Court will deny Plaintiffs' Motion to Remand and will grant Balli Steel's Motion to Strike Default against Defendant ASI-Balli Joint Venture and to Strike ASI-Balli Joint Venture as a Defendant.

**I. Legal Standard**

Federal courts are courts of limited jurisdiction and, thus, do not have the power to hear and decide cases that they have not been authorized to hear by the Constitution or Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over any civil action arising between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Under the federal removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court." 28 U.S.C. § 1441(a). "If an action originally

instituted in a state court could have been brought in federal court pursuant to diversity jurisdiction, the defendants may remove it to federal court provided certain procedures are followed and certain conditions met." In re Diet Drugs, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002) (citing 28 U.S.C. §§ 1441 & 1446). "Similarly, if the federal court subsequently determines that it does not have subject matter jurisdiction over a removed action, it must remand the action to the state court from which it came." Id. (citing 28 U.S.C. § 1447(c)).

All defendants in an action must timely consent to the removal in order to remove an action to federal court. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). However, this unanimity rule may be disregarded if a defendant has been fraudulently joined. Id. at 213 n.4. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quotations omitted). "The presence of a party fraudulently joined cannot defeat removal." In re Diet Drugs, 220 F. Supp. 2d at 419.

The Third Circuit Court of Appeals explicitly set forth the standards applicable to fraudulent joinder analysis as follows:

> A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a heavy burden of persuasion in making this showing. It is logical that it should have this burden, for removal statutes are to be strictly construed in favor of remand.
> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action

> against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court....
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

Batoff v. State Farm Insurance Co., 977 F.2d 848, 851-52 (3d Cir. 1992) (citations and punctuation omitted). See also, In re Briscoe, 448 F.3d 201,217 (3d Cir. 2006).

A defendant who has removed a state case to federal court has the burden of proving that the case is within the federal diversity jurisdiction. Snap-On Tools, 913 F.2d at 111. This burden is heavy, and the "court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. See, Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (holding that all doubts should be resolved in favor of remand). However, this is not to say that the Court "must blindly accept whatever plaintiffs may say no matter how incredible or how contrary to the overwhelming weight of the evidence." In re Diet Drugs, 220 F. Supp. 2d at 420.

While the Court must limit its fraudulent joinder analysis to the threshold issue of jurisdiction and refrain from making a decision on the merits of the underlying action, the Third Circuit Court of Appeals "made it clear that a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder." In re Briscoe, 448 F.3d at 219. Absent this rule, a plaintiff who filed a case in state court easily would avoid removal by alleging falsely that a defendant was its partner or fellow venturer. Accordingly, the Court may consider "reliable evidence that the defendant may proffer to support the removal." Id. at 220. The record from

prior proceedings[1] constitutes such reliable evidence. See, id. at 220, 221.

While examining any proffered evidence, the Court remains mindful of the Supreme Court's decision in Wilson v. Iron & Steel Co., 257 U.S. 92 (1921). "The [Supreme] Court made it clear that if the plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence." In re Diet Drugs, 220 F. Supp. 2d at 420 (citing Wilson, 257 U.S. at 98). The Court is "not to decide automatically in favor of remand simply because some facts may be said to be in dispute." Id. at 420.

## II. Discussion

### A. Joint Venture

Mr. Bernsten and ASI argue that, for purposes of remanding this action to state court, their Complaint adequately sets forth colorable grounds for supporting the claim that the business venture entered into by ASI and Balli Steel constitutes a joint venture pursuant to Pennsylvania law. Motion to Remand at ¶ 8.

---

[1] In December 2007, Balli Steel, Inc., a Texas corporation affiliated with Balli Steel, sued Mr. Bernsten in state court in Harris County, Texas "in an effort to preserve the status quo pending the arbitration required by the express terms of Bernsten's employment agreement." Defendant's Opposition to Motion to Remand at 3. Balli Steel, Inc. asserts that while Mr. Bernsten was an employee, he embezzled more than $1,400,000 by selling and collecting payment for property belonging to an entity for which Balli Steel was an agent. Id. at 2-3.

On January 7, 2008, Balli Steel and Balli Steel, Inc. filed a demand for arbitration before the American Arbitration Association seeking to arbitrate all arbitrable disputes with Mr. Bernsten and ASI. Id. at 9. See, id., Ex. 15.

Various discovery activities have occurred in the Texas litigation, including deposition discovery. At least some of that discovery has been referenced in this litigation and the pending motions.

> Under Pennsylvania law, a joint venture must possess four essential characteristics:
>
> (1) each party to the venture must make a contribution, not necessarily of capital, but by way of services, skill, knowledge, materials or money; (2) profits must be shared among the parties; (3) there must be a joint proprietary interest and right of mutual control over the subject matter of the enterprise; and (4) usually, there is a single business transaction rather than a general and continuous transaction.

Snellbaker v. Herrman, 462 A.2d 713, 716 (Pa. Super. 1983) (quoting McRoberts v. Phelps, 138 A.2d 439, 443-44 (Pa. 1958)).  The parties in this action do not dispute the first two elements, and they acknowledge that the forth element of a joint venture is not essential.  As such, only the third element remains at issue: whether Balli Steel and ASI had joint proprietary interest and right of mutual control over the steel that was ostensibly the subject of their dealings.

Mr. Bernsten and ASI argue that ASI and Balli Steel had a joint proprietary interest and a right of mutual control over the steel being traded by their joint venture, ASI-Balli.  Mr. Bernsten and ASI describe their relationship with Balli Steel as follows:

> Upon identification of a shipment of steel that the joint venture wished to purchase and sell, ASI would advertise the steel for sale.  When it was determined that there were sufficient orders for the steel that ASI offered for sale, Balli would instruct its bank to issue a Letter of Credit to secure payment for the steel, identifying ASI as the "Notifying Party."  After payment arrangements were made, ASI would release the steel by way of a Release Authorization Form on the joint venture's letterhead, copies of which were always provided to joint venture partner Balli.  In other words, while the steel was often titled in Balli's name for financing purposes, ASI at all times controlled its sale and release to buyers.  Moreover, once the steel arrived to the destination country and was released to the buyer, the buyer would make payment to either Balli or ASI, who would accept such payment on behalf of the joint venture.

Memorandum in Law in Support of Plaintiff's Motion to Remand at 7 ("Memo: Motion to Remand").  In support of their position that ASI and Balli Steel created a joint venture, Plaintiffs point to emails referencing "ASI/Balli."  See, Memo: Motion to Remand, Ex. E.  They also identify release authorization forms headed "American Steel Industries, LLC / Balli Group PLC"

and letterhead reading "Balli Steel PLC / American Steel Industries, LLC."  All such documents include ASI's Philadelphia, Pennsylvania address.  See, Memo: Motion to Remand, Ex. C & D.

Mr. Bernsten and ASI also focus on the contents of writings referring to ASI and Balli Steel together.  First, Plaintiffs highlight two emails sent during the summer of 2007.  The first email, sent by a Balli Steel employee named David, contests charges related to the delivery of steel and reads: "Since this was most definitely not the responsibility of Balli/ASI...I would like your proposal for this cost."  The second email, again sent by "David," reads: "Balli/ASI *are* working very hard and professionally to resolve this matter quietly and smoothly."  Memo: Motion to Remand, Ex. E (emphasis added).[2]  Second, Plaintiffs highlight an email written by Mr. Bernsten on May 1, 2007 that says "we (ASI/Balli) will pay the storage."  Memo: Motion to Remand, Ex. F.  Plaintiffs assert that the mutual responsibility for paying port fees establishes mutual responsibility and control over the steel.  Accordingly, Plaintiffs argue that these three references to Balli Steel and ASI together constitute sufficient evidence of joint interest and control to defeat removal.  See, Trans. 2/6/08 at 15:10-25.

Mr. Bernsten and ASI argue that other materials also support their assertion that ASI and Balli Steel were involved in a joint venture.[3]  Exhibit B of Plaintiffs' Memorandum of Law in

---

[2]The Court observes that if the use of the plural verb form was deliberate, its use would be suggestive of at least the author's understanding that "Balli/ASI" was not a single joint enterprise.  However, recognizing that email grammar in general and in this case does not reliably reflect adherence to rules of grammar, the Court's ruling here does not depend upon an English teacher's rigor.

[3]Exhibit 1 of Plaintiffs' Reply Memorandum is a note from a Canadian shipping agent. The note reads in part: "AS BILLS OF LADING HAVE NOT BEEN ENDORSED BY AMERICAN STEEL MASTER REFUSES TO ACCEPT SAME."  A bill of lading listing ASI as the consignee and the notify party is attached to the note.  See, Reply Memorandum, Ex. 1. Mr. Bernsten and ASI argue that these documents establish that steel could not be released

Support of the Motion to Remand includes several references to ASI being the "notify party" for various lots of steel.

Although several documents refer to "ASI/Balli" and "Balli/ASI," and ASI was listed as the "notify party" for some lots of steel financed by Balli Steel, Balli Steel maintains ASI has presented no evidence of a joint venture because there is no evidence of any joint proprietary interest or right of control over the steel. Indeed, even the recurrent lack of consistency in combining the two companies' names suggests that all of the individuals engaged in the various steel transactions did not have a sense that ASI and Balli Steel comprised a single enterprise. See also, n.2, supra. Moreover, as defense counsel noted during the oral argument, the creation of a joint venture normally reflects an official, or at least deliberate, agreement of some type. Typically, certainly, one would expect to see some documentary indicia of joint operational existence. Here, the joint venture alleged by Mr. Bernsten and ASI was not created by a written joint venture agreement; the alleged joint venture does not have a tax identification number; it has no joint bank account; and there is no fictitious name registration. Trans. 2/6/08 at 28:14 - 29:9.

Plaintiffs counter by noting that during his deposition in the related Texas action, Mr.

---

without ASI's signature and, thus, that Balli Steel and ASI had joint and mutual control of the steel from the point that it left the foreign mill. Trans. 2/6/08 at 14:12-16.

During the hearing on this matter, Balli Steel noted that these documents are writings by a third party introduced to prove the truth of the matter asserted. See, Trans. 2/6/08 at 6:3-8. Mr. Bernsten and ASI presented no evidence as to the documents' authenticity or the reason for their creation, so the documents are not subject to any hearsay exception that would allow their introduction. See, Fed. R. Evid. 801-803.

The Court may not consider inadmissible hearsay. Even if the Court were to consider these documents at this time, though, the fact that a shipping agent refused to release steel without the signature of the party listed in its papers as the party to be notified does not help to establish what type of business relationship Balli Steel and ASI shared during this period.

Bernsten repeatedly described the relationship as a joint venture.  See, Memo: Motion to Remand at 7 (citing Bernsten dep. at 18:6-9; 19:3-4 & 13-23; 21:8-17; 22:8-9; 26:23-27:2; 34:24-25; 40:22-25; 49:17-21; 56:4-11; 57:8-11; 79:25-80; 88:11-13; 91:24-25; 96:9-12.)   However, during his deposition, Mr. Bernsten could not and, more importantly, did not distinguish between a joint venture and an agency relationship[4], thus suggesting that, as a matter of law, any meaningful reliance on or significance to his use of the term "joint venture" would be misplaced.

Balli Steel argues that Mr. Bernsten admitted that neither he nor ASI had a proprietary interest or right of mutual control over the subject matter of the alleged joint venture, the steel. Mr. Bernsten testified in the related Texas action that: (a) Balli Steel was the "sole title holder" of the steel that formed the subject of the transactions alleged in the Complaint, Bernsten dep. at 37:16-17, 38:10-11; (b) "Balli had control of these goods," id. at 61:5-6; and (c) the decision to enter into any transaction was at Balli's "sole discretion."  Id. at 80-9-17.

Balli Steel also traces its relationship with Mr. Bernsten and ASI through a series of documents.  On July 9, 2007, Mr. Bernsten sent an email to a Balli Steel's "David," presenting for Balli Steel's consideration several potential steel deals.  Mr. Bernsten noted in the email that he will continue sending information about potential deals for Balli Steel's acceptance or rejection.  Opposition to Motion to Remand, Ex. 14.  Linda Messina, ASI's executive administrator, sent an email to several Balli Steel employees on July 10, 2007 seeking advice

---

[4]Q: So a claim that you were a joint venture partner is the same as claiming that you're an independent agent, right?
   A: In my mind with these Balli deals, yes.
Bernsten dep. at 102:12-15.

about how to handle customer questions during steel transactions and, thus, acknowledging Balli Steel's ultimate control over the details of steel transactions and ASI's position as an agent. Ms. Messina specifically stated:

> As for our customers, they purchased material from Barry at American Steel Industries and although they are aware that we are the agent for Balli Steel, they still direct all questions/inquiries and request documents from Barry and I [sic]. Therefore, I would like to continue the Customer Service by providing ETA's, Packing Lists, MTR's, claim assistance (reconciliation's), etc. Granted, I do not want to step on anyone's toes, but I would be more than happy to continue drafting Mill and Sales Contracts, Invoices, etc., if need be.

Opposition to Motion to Remand, Ex. 7.

On July 11, 2007, Balli Steel presented Mr. Bernsten with a draft Non-Exclusive Agency Agreement. Opposition to Motion to Remand, Ex. 8. Mr. Bernsten did not sign the document, instead signing an employment contract with Balli Steel on August 16, 2007, made effective August 1, 2007. See, id., Ex. 9. Prior to signing the employment contract with Balli Steel, though, Mr. Bernsten sent an email to Quebec Stevedoring on August 5, 2007, explaining ASI's relationship with Balli Steel as follows:

> Balli PLC is the importer of records, and the party that cleared the cargoes through Ambassador (Freight Broker/Agent). There should be no cargoes from these vessels in the name of American Steel Industries, unless you receive a specific written release for any cargoes we might elect to purchase for our own account. This has not been the case to date....
>     ASI is just a sales agent for some Balli PLC cargoes shipped to North America, and ASI (<u>not</u> being the title holder) does not have the authority to release any cargoes, without the written consent of Balli PLC.
>     Note: ASI was the "notify party" on some vessels/shipments, just as a matter of convenience for so [sic] we could inform the customers that the cargo arrived.[5]

Opposition to Motion to Remand, Ex. 10.

---

[5] The text of this message is inconsistent with and undercuts Plaintiffs' arguments about the ostensible significance of ASI's "notify party" status as a joint venturer.

After Mr. Bernsten ended his employment relationship with Balli Steel, he expressed an interest in resuming Balli Steel and ASI's pre-employment relationship. On November 20, 2007, Mr. Bernsten and Ms. Messina sent an email to numerous Balli Steel employees, stating:

> We (ASI) has [sic] been notified today that Balli-London has accepted our resignation from the Balli Group as of November 15, 2007. We (ASI team) have elected to continue operations as an **independent trader** and not work exclusively with the Balli Group. We enjoyed working w/all [sic] of you and look forward to future deals on a 'spot' basis and only under the approval of London. If you have any inquiries and/or offers that you wish to share with our office, we will gladly handle as a priority.

Id., Ex. 1 (emphasis added). Again on November 29, 2007, Mr. Bernsten stressed that he was "reverting back to the old arrangement (as an independent agent) and not as an employee of Balli." Id., Ex. 2 at 6.

Balli Steel argues that the evidence presented by Mr. Bernsten and ASI established only that Balli Steel and ASI had a business arrangement, not that they were engaged in a joint venture. Balli Steel observes that letterhead bearing both companies' names does not establish, or even mention, any proprietary interest or right of control by ASI. Further, Balli Steel points out that referencing both companies in the same documents does not establish joint control without something more.

Contrary to ASI's unsupported assertions, Balli Steel has presented numerous documents, including a number authored by ASI personnel, establishing Balli Steel's exclusive control over the steel at issue and supporting its position that ASI was an employee or an agent, but not a joint venturer, in the steel trades. The Court finds no evidence of a joint venture and concludes that Plaintiffs' unilateral "creation" of "ASI-Balli" or "Balli-ASI" was for some purpose and at some point in time other than a legitimate, jointly undertaken commercial activity. Indeed, the

-11-

conclusion is virtually inescapable that its creation serves only a potential litigation purpose.

**B. Prosecution Against a Non-Diverse Defendant**

A second basis for fraudulent joinder exists where the plaintiff has "no real intention in good faith to prosecute the action against the [non-diverse] defendant or seek a joint judgment." In re Briscoe, 448 F.3d at 216.  Despite Mr. Bernsten and ASI's assertion that they have "established their intent to pursue the joint venture by filing their Motion for Entry of Default against ASI-Balli," Memo: Motion to Remand at 10, Balli Steel argues that "a common sense view of the facts in this case indicates that Plaintiffs' only motivation in pursuing their claims against the [alleged joint venture] is to defeat diversity jurisdiction."  Opposition to Motion to Remand at 18.  Balli Steel argues that while a judgment against the alleged joint venture would theoretically render ASI partially liable, the only party against whom Mr. Bernsten and ASI realistically would seek a financial recovery is their "co-venturer," Balli Steel.

Balli Steel asserts that Mr. Bernsten and ASI "have effectively admitted that they do not seek any meaningful relief from the [alleged joint venture]."  Opposition to Motion to Remand at 18.  Nonetheless, Plaintiffs emphasize that they are "already in possession of funds sufficient to pay" whatever amount might be owed them as a result of this litigation, and "the primary relief being sought is an accounting and a declaration that ASI and Bernsten can offset the debt owed to them from the funds which ASI and Bernsten already hold on behalf of Balli and ASI-Balli." Memo: Motion to Remand at 10.  Balli Steel notes that Plaintiffs acknowledge in the Complaint that the alleged joint venture never retained any of the proceeds that could be at issue.  Complaint ¶ 13 ("Under the terms of the joint venture agreement, once third parties purchased and paid ASI-

Balli and/or Balli for the steel, Balli would retain 65% of the profits received for the steel, and pay to ASI and Bernsten 35% of such profits.")  Accordingly, ASI and Mr. Bernsten seek an accounting to determine how much of the money they currently hold from the prior collections must be turned over to Balli Steel pursuant to the alleged allocation formula, not how much the alleged joint venture must pay.  Balli Steel asserts that Plaintiff's dispute is most certainly with Balli Steel and that Plaintiffs have no actual or legitimate dispute with the alleged joint venture.

Mr. Bernsten and ASI offer no sensible rebuttal to Balli Steel's arguments on this point. The Court finds no evidence that Mr. Bernsten and ASI have any real intention in good faith to prosecute the action against the alleged joint venture or seek a joint judgment.

Accordingly, for the foregoing reasons, the Court finds that "ASI-Balli" was fraudulently joined as a defendant in this action.

**C. ASI-Balli's Failure to Join in Removal**

For removal to be proper, "[t]he general rule...is that all served defendants must join in the removal notice within thirty days of their receipt of the initial pleading."  Nelson v. United Artist Theater Circuit, Inc., 835 F. Supp. 844, 845 n.1 (E.D. Pa. 1993) (citing Prowell v. West Chemical Products, Inc., 678 F. Supp. 553, 554 (E.D. Pa. 1988); Stokes v. Victory Carriers, Inc., 577 F. Supp. 9, 10 (E.D. Pa. 1983)).  In this action, ASI-Balli has neither joined nor consented to the removal, so Mr. Bernsten and ASI argue that the case must be remanded.  However, as explained above, ASI-Balli, the alleged joint venture that the Court concludes did not actually exist, was fraudulently joined as a defendant.

Sensibly, consent of fraudulently joined (or, in other words, as in this case, fictitious)

parties is unnecessary for removal to federal court.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1009 n.2 (3d Cir. 1987) (superceded on other grounds by statutory amendment as explained by Guldner v. Brush Wellman, 2001 U.S. Dist. LEXIS 10705, at *5 (E.D. Pa. 2001)).  The Third Circuit Court of Appeals explained in Steel Valley Authority:

> At the time the district court assumed jurisdiction, all defendants had not concurred in the petition for removal.  Nonetheless, removal without the consent of [certain defendants] was proper because the district court considered them fraudulently joined or nominal.  In applying this general rule [that all parties must join in the removal petition], nominal or formal parties, unknown defendants, and defendants fraudulently joined may be disregarded.

Id. (quotations and citations omitted).  Accordingly, because ASI-Balli was fraudulently joined, the alleged joint venture's failure to join or consent to the removal pleading does not undermine the efficacy of the removal.

**D. Default**

Having concluded that removal was proper and that the Court does indeed have jurisdiction in this case, the Court will proceed to address the issue of the default entered by the Clerk against ASI-Balli at Plaintiffs' request.

Balli Steel asserts that the Court should strike the default entered against ASI-Balli on January 16, 2008.  The Third Circuit Court of Appeals has established that "any doubtful case is to be 'resolved in favor of the party moving to set aside the default so that cases may be decided on the merits.'"  Clark Equip. Credit Corp. v. Poboys, Inc., 1989 U.S. Dist. LEXIS 1010, at *4 (E.D. Pa. 1989) (quoting U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)).  A motion to vacate the entry of default is adjudicated under a "good cause" standard, as

set forth in Rule 55(c) of the Federal Rules of Civil Procedure.  Rule 55(c) requires the Court to "consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (additional citations omitted).  Balli Steel asserts that all three factors favor its position that the default against ASI-Balli should be stricken.

First, Balli Steel argues that Mr. Bernsten and ASI will not be prejudiced if the Court strikes the entry of default.  "Prejudice," in the context of a motion to strike the entry of default, means "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  Clark Equip. Credit Corp., 1989 U.S. Dist. LEXIS 1010, at *5 (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)).  Here, all evidence and witnesses related to the alleged (fictitious) joint venture would likely come from ASI or Balli Steel, the alleged venturers.  Both ASI and Balli Steel are parties to this case regardless of the alleged joint venture's very existence, or, more accurately, non-existence, so ASI will not lose evidence or witnesses if the default is stricken.  In addition, there will be no "irremediable burdens or costs imposed" on Plaintiffs if the default is vacated because, regardless of the default, ASI and Mr. Bernsten must litigate against Balli Steel.

Second, Balli Steel has presented a meritorious defense to the very existence of the alleged joint venture.  See, supra.  Balli Steel has established that at least one by-product of ASI and Mr. Bernsten's fraudulent joinder of "ASI-Balli" was its possible means of destroying diversity jurisdiction.

Third, the default was not a result of culpable conduct by either Balli Steel or ASI-Balli,

the alleged joint venture. Balli Steel argues that because the alleged joint venture was never created and never existed, it would be impossible for such an entity to respond to the Complaint.

Mr. Bernsten and ASI's response to Balli Steel's arguments relies on the Court finding that ASI-Balli exists as a valid joint venture. Plaintiffs assert that ASI-Balli is a legitimate entity under Pennsylvania law and, thus, has no meritorious defense and remains culpable for the lack of action leading to the entry of default. Because the Court already has found that Plaintiffs fraudulently joined the non-existent ASI-Balli, Plaintiffs' arguments in support of the entry of default are inapplicable. Accordingly, the Court will strike the entry of default and strike ASI-Balli as a defendant in this action.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Remand is denied, and Balli Steel's Motion to Strike Default against Defendant ASI-Balli Joint Venture and to Strike ASI-Balli Joint Venture as a Defendant is granted.

An appropriate Order consistent with this Memorandum follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARRY BERNSTEN, <u>ET AL.</u>,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BALLI STEEL, PLC, <u>ET AL.</u>,** | : | |
| **Defendants** | : | **NO. 08-62** |

**ORDER**

**And now** this 31st day of March 2008, upon consideration of Defendant Balli Steel's Motion to Strike Default Against Defendant ASI-Balli and to Strike ASI-Balli as a Defendant (Doc. No. 7), Plaintiffs' Opposition to Defendant Balli Steel's Motion to Strike Default (Doc. No. 12), Plaintiffs' Motion to Remand (Doc. No. 8), Defendant Balli Steel's Opposition to Motion to Remand (Doc. No. 14), and Plaintiffs' Reply in Support of Motion to Remand (Doc. No. 16), IT IS HEREBY ORDERED that Defendant Balli Steel's Motion to Strike Default Against Defendant ASI-Balli and to Strike ASI-Balli as a Defendant (Doc. No. 7) is GRANTED, and Plaintiffs' Motion to Remand (Doc. No. 8) is DENIED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE